61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Usman Shehu SULE, Plaintiff-Appellant,
v.
Joseph CRABTREE; Robert L. Matthews, Director of Bureau of
Prisons, Defendants-Appellees.
 No. 94-35832.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Usman Shehu Sule, a federal prisoner, appeals pro se the district court's summary judgment in favor of defendants in his action alleging unconstitutional conditions at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review summary judgment de novo, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994), and affirm.[1]
 
 
 3
 Prisoners objecting to conditions of their confinement are required to satisfy both an objective and subjective component to the challenge. Farmer v. Brennan, 114 S. Ct. 1970, 1977 (1994); Allen v. Sakai, 48 F.3d 1082, 1083 (9th Cir. 1994), cert. denied, 115 S. Ct. 1695 (1995). To withstand a motion for summary judgment, a prisoner must not only allege that he was subjected to unconstitutional conditions, he must also allege facts sufficient to indicate that jail officials were deliberately indifferent to his complaints. See Farmer, 114 S. Ct. at 1977.
 
 
 4
 Here, Sule alleged that being housed for 19 months in "the flats," a common area containing 11 bunkbeds and two bathrooms for 22 prisoners, violated his Eighth Amendment right to be free from cruel and unusual punishment. Sule alleged that "the flats" had poor ventilation and that the water pipes burst on occasion, flooding the area. Sule alleged that the overcrowded conditions (1) caused him mental, emotional, and psychological distress; (2) increased his susceptibility to tuberculosis; (3) increased his exposure to noise and smoke; (4) limited his access to exercise and library facilities; and (5) culminated in a prison riot.
 
 
 5
 In support of their summary judgment motion, defendants submitted affidavits stating that the ventilation of FCI Sheridan is in compliance with the American Correctional Association's standards, that prisoner abuse caused the water pipes to burst, and that Sule had tested positive for tuberculosis before he arrived at the prison. Defendants also submitted an affidavit by B. Carl Gordon, the chief of psychology services, stating that overcrowding is not "a significant contributor to the psychological distress of the inmate population at FCI Sheridan." The interrogatory response of defendant Crabtree acknowledged that the rated capacity of FCI Sheridan is 749, while the population on October 19, 1993 was 1172.
 
 
 6
 Although Sule alleged conditions of crowding that are less than ideal, he lists no specific facts that evidence that defendants were deliberately indifferent to the conditions at FCI Sheridan. Sule has failed to meet his burden of establishing a genuine issue of material fact as to whether the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). Nor has he shown that the limited access to library facilities denied him access to the courts. Accordingly, the district court did not err by granting summary judgment in favor of defendants. See id.
 
 
 7
 Sule contends that the district court improperly granted summary judgment without allowing additional time for discovery and an evidentiary hearing. This contention lacks merit.
 
 
 8
 Under Fed. R. Civ. P. 56(f), the district court may continue a motion for summary judgment to allow additional discovery by a party opposing summary judgment. Liberty Lake Invs. v. Magnuson, 12 F.3d 155, 160 (9th Cir. 1993), cert. denied, 115 S. Ct. 77 (1994). Our review of the record, however, indicates that Sule did not file a Rule 56(f) motion requesting a stay. Instead, Sule opposed the summary judgment motion with numerous pleadings, including a motion to waive his motion to compel discovery and an "emergency motion for immediate ruling on the case." Moreover, Sule failed to show how additional discovery or an evidentiary hearing would have assisted him in opposing summary judgment. See California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990), cert. denied, 498 U.S. 1088 (1991). Accordingly, the district court did not err by granting summary judgment without allowing Sule additional time for discovery. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In reviewing decisions of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993)